PDM PLUMBING & HEATING, INC. *vs.* FRED J. FINDLEN & others. February 17, 1982. The single issue on appeal is whether in the circumstances presented here it was proper for the master to apply an arithmetic procedure known as the "Eichleay" method in computing the office overhead component of the damages incurred by a subcontractor on account of a delay in construction attributable in part to the owner and in part to the general contractor. The master found that the delay caused "the plaintiff to incur added costs [among others] for . . . office overhead." After overruling the defendants' objections to the master's report a judge of the Superior Court adopted the report, and judgment was accordingly entered on the report.

The "Eichleay" method utilizes a formula designed to determine office overhead expenses resulting from a breach of contract where such expenses are not capable of precise measurement. The formula attempts to establish a daily overhead expense rate chargeable to a particular contract by allocating total overhead among all contracts based upon the percentage the dollar volume of any one contract bears to the dollar volume of all contracts over the same period. See, e.g., *Eichleay Corp.*, 60-2 B.C.A. par. 2688 (CCH 1960).

In circumstances such as those presented here the master was not compelled to use any one particular method of computing office overhead expenses attributable to the period of the delay; it was only necessary for him to use a fair method. Where there is no precise method available to determine such an expense, the test is whether the method adopted is reasonably calculated to measure the loss resulting from the breach. See

5 Corbin, Contracts § 1029 (1964). We think that resort to a formula logically calculated to establish a reasonable basis for recovery is proper. Cf. *McKenna* v. *Begin*, 5 Mass. App. Ct. 304, 310 (1977). As the order of reference to the master did not require him to report the evidence, both the trial judge and the appellate Justices are required to treat his findings of fact as binding "unless they are clearly erroneous, mutually inconsistent, contradictory or vitiated in view of the controlling law." *John F. Miller Co.* v. *George Fichera Constr. Corp.*, 7 Mass. App. Ct. 494, 495 (1979). See *Wormstead* v. *Town Manager of Saugus*, 366 Mass. 659, 660 (1975). Based on the master's subsidiary findings, not shown to be clearly erroneous, we conclude that the computations made by the master were reasonably calculated to achieve a fair estimate of the plaintiff's actual damages attributable to increased overhead expenses.

We agree with the plaintiff that neither *F.A. Bartlett Tree Expert Co.* v. *Hartney*, 308 Mass. 407 (1941), nor *Berley Indus., Inc.* v. *New York*, 45 N.Y.2d 683 (1978), requires a different result. See discussion in *Roblin Hope Indus., Inc.* v. *J. A. Sullivan Corp. (No. 2)*, 11 Mass. App. Ct. 76, 77-80 (1980). In the *Bartlett Tree Expert Co.* case, the court was concerned with the amount of damages recoverable by the company from a former employee for breach of the employee's contract with the company in obtaining work which the company would otherwise have obtained. The court awarded no overhead costs because it found, at 412, that "the overhead costs of the plaintiff . . . were not materially decreased by the loss of orders . . ., and also that had the plaintiff executed those orders its overhead would not have been materially increased." In the *Berley* case, unlike the situation here, there was a question whether any office overhead costs actually were attributable to delay. In the instant case, the master specifically found that the plaintiff had incurred office overhead costs during the delay, and he used the "Eichleay" formula merely to compute the amount of such damages because of the difficulty of achieving a precise measurement. The master's subsidiary findings disclose no basis for requiring use of a different formula of allocation.

*Judgment affirmed.*

*Earle C. Cooley* for the defendants.
*Peter J. Gagne* for the plaintiff.